**DISSENT and Opinion Filed February 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00151-CV

**INLAND WESTERN DALLAS LINCOLN PARK LIMITED PARTNERSHIP AND RPAI SOUTHWEST MANAGEMENT, LLC, Appellants**
**V.**
**HAI NGUYEN AND MAI NGUYEN, INDIVIDUALS, D/B/A ROMIER'S NAIL BOUTIQUE, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-08114**

## DISSENTING OPINION FROM COURT'S DENIAL OF EN BANC RECONSIDERATION

Opinion By Chief Justice Robert D. Burns, III

After a majority of the Court voted to grant reconsideration en banc, the Court sitting en banc heard the parties' oral arguments. Subsequent to oral argument some members of the Court changed their position; they felt that en banc reconsideration was improvidently granted. Consequently, the Court denies appellees' motion for reconsideration. However, because I find sufficient evidence supporting the jury's verdict for negligent misrepresentation, and because the case presents extraordinary circumstances, I dissent.

Specific, narrow facts frame this tort case, and the arguments and defenses not raised mandate the outcome in equal measure with those arguments and causes of action that were raised. Here, a commercial tenant relied on his landlord's acceptance of oral notice exercising the tenant's right to automatically renew a lease. Although the lease required written notice to exercise the

renewal option and included a no-waiver provision, the landlord had previously accepted oral notice for exercise of the renewal option, and the tenant's corroborated and unrebutted testimony before the jury established acceptance of his renewal notice. In fact, at trial, before the jury, two of the landlord's representatives admitted the tenant was entitled to rely on the acceptance of his oral renewal. Given these specific facts, the omission of common and obvious defenses upon which many similar cases rest, and our obligation to construe the evidence upon which reasonable jurors could disagree in support of the jury's verdict, I would reverse liability on the fraudulent inducement claim but affirm the judgment with respect to liability for negligent misrepresentation. I would also reverse the damages awarded for "mitigation" and "property damage" for negligent misrepresentation. But because there is some evidence of the correct measure of damages under the negligent misrepresentation claim, I would remand for a new trial.

Appellate courts are duty bound to indulge every reasonable inference to sustain a jury verdict when the evidence supports the verdict. This mandate, derived from the Seventh Amendment to the United States Constitution and article I, section 15 of the Texas Constitution, deserves more than the mere cursory glance given by the majority. The refusal of the panel, and then the majority of our court, to square this judgment with the *City of Keller*[1] decision and our Court's precedents, combined with the succession of panel opinions, must be a bitter pill for appellees to swallow. And while the number of jury trials declines in our state, appellate courts that discard the hard work of twelve citizens, the trial judge, the attorneys, and witnesses who all did their level best to levy justice deserve some blame for that decline.

> We need trials, and a steady stream of them, to ground our normative standards—
> to make them sufficiently clear that persons can abide by them in planning their
> affairs—and never face the courthouse—the ultimate settlement. Trials reduce
> disputes, and it is a profound mistake to view a trial as a failure of the system. A
> well conducted trial is its crowning achievement.

---

[1] *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005).

Patrick E. Higginbotham, *Judge Robert A. Ainsworth, Jr. Memorial Lecture, Loyola University School of Law: So Why Do We Call Them Trial Courts?*, 55 SMU L. REV. 1405, 1423 (2002). Or, as Chief Justice William Rehnquist noted:

> [W]hat many of those who oppose the use of juries in civil trials seem to ignore [is that t]he founders of our Nation considered the right of trial by jury in civil cases an important bulwark against tyranny and corruption, a safeguard too precious to be left to the whim of the sovereign, or, it might be added, to that of the judiciary.[2]

Accordingly, we should affirm the jury's verdict regarding liability on the negligent misrepresentation claim, and because there is some evidence of recoverable out-of-pocket consequential damages, remand for a new trial on the misrepresentation claim.

/Robert D. Burns III/
ROBERT D. BURNS III
CHIEF JUSTICE

Molberg, Partida-Kipness, and Nowell, JJ. join in this dissenting opinion.

170151HD.P05

---

[2] *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 343 (1979) (Rehnquist, J., dissenting).